**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**BRUNSWICK DIVISION**

ANTHONY G. WORTHY,

    Plaintiff,

v.

DYLAN SELPH; MIKE BLOCK; and
WOODY FOLSOM AUTOMOTIVES,

    Defendants.

CIVIL ACTION NO.: 2:18-cv-51

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On May 2, 2018, Plaintiff filed this action, *pro se*, pursuant to the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.*, the Genetic Information Nondiscrimination Act of 2008 ("GINA"), 42 U.S.C. § 2000ff *et seq.*, and the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12111 *et seq.*, alleging employment discrimination and retaliation against him by Defendants. (Doc. 1.) Concurrent with his Complaint, Plaintiff filed a Motion to Proceed *in Forma Pauperis*. (Doc. 2.) As set forth below, because it appears that Plaintiff has exhausted his administrative remedies, the Court **GRANTS** Plaintiff's Motion to Proceed *in Forma Pauperis* and **ORDERS** service of his Complaint. The Court **DIRECTS** the United States Marshal to serve Defendant Woody Folsom Automotives with a copy of Plaintiff's Complaint and this Order. However, I **RECOMMEND** that the Court **DISMISS** Plaintiff's

claims against Defendants Selph and Block as well as Plaintiff's putative ADEA, GINA, and ADA claims for failure to state a claim.[1]

## PLAINTIFF'S ALLEGATIONS

In his Complaint, Plaintiff states Defendants discriminated against him in violation of Title VII, the ADEA, the ADA, and GINA. (Doc. 1, pp. 4–5.) Plaintiff asserts he was subjected to homophobic and racial slurs and discriminatorily assigned hard manual labor. (Id. at p. 2.) Plaintiff alleges that Defendants forced him to sweep an entire car lot, rather than using a blower, which caused him to pass out and be hospitalized. (Id. at pp. 2, 8.) Defendants Block and Selph, also employees of Defendant Woody Folsom Automotives, harassed Plaintiff about his inability to pay his medical bills. When Plaintiff complained about the hostile work environment to a manager, Defendant Woody Folsom Automotives terminated Plaintiff's employment, stating "We've found out that you are filing charges, now you got something to file." (Id. at pp. 8–9.)

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all

---

[1] A "district court can only dismiss an action on its own motion as long as the procedure employed is fair. . . . To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotations marks omitted). A Magistrate Judge's Report and Recommendation ("R&R") provides such notice and opportunity to respond. See Shivers v. Int'l Bhd. of Elec. Workers Local Union 349, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating that a party has notice of a district court's intent to *sua sponte* grant summary judgment where a magistrate judge issues a report recommending the *sua sponte* granting of summary judgment); Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting that R&R served as notice that claims would be *sua sponte* dismissed). This R&R constitutes fair notice to Plaintiff that his suit is barred and due to be dismissed. As indicated below, Plaintiff will have the opportunity to present his objections to this finding, and the District Court will review *de novo* properly submitted objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; see also Glover v. Williams, No. 1:12-CV-3562-TWT-JFK, 2012 WL 5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining that magistrate judge's R&R constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond). Additionally, this R&R provides Plaintiff the opportunity to amend his Complaint to correct the deficiencies noted herein. See Fed. R. Civ. P. 15. Should Plaintiff seek to amend his Complaint, he must file the amendment within **fourteen (14) days** from the date of this R&R.

of his assets and shows an inability to pay the filing fee and also includes a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i)–(ii); Grayson v. Mayview State Hosp., 293 F.3d 103, 113 n.19 (3d Cir. 2002) (non-prisoner indigent plaintiffs are "clearly within the scope of § 1915(e)(2)"); Dutta-Roy v. Fain, No. 1:14-CV-280-TWT, 2014 WL 1795205, at *2 (N.D. Ga. May 5, 2014) (frivolity review of indigent non-prisoner plaintiff's complaint).

When reviewing a complaint on an application to proceed *in forma pauperis*, the Court is guided by the instructions for pleading contained in the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances). Further, a claim is frivolous under Section 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555. Section 1915 also

"accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys . . . .") (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

## DISCUSSION

### I. Plaintiff's Complaint

Plaintiff sets forth facts that arguably state plausible wrongful termination, hostile work environment, and retaliation claims arising under Title VII. See Clark v. S. Broward Hosp. Dist., 601 F. App'x 886, 891 (11th Cir. 2015) (To establish a prima facie disparate treatment claim a plaintiff must show that he: (1) is a member of a protected class; (2) was qualified for the job; (3) suffered an adverse employment action; and (4) was replaced by someone outside the protected class or that the employer treated similarly situated employees outside of his class more favorably. (citation omitted)); Adams v. Austal, U.S.A., L.L.C., 754 F.3d 1240, 1248–49 (11th Cir. 2014) (To establish a hostile work environment claim a plaintiff must prove that: (1) he is a

member of a protected class; (2) he was subjected to racial harassment; (3) the harassment was based on his race; (4) the harassment was sufficiently severe or pervasive to alter the conditions of the his employment and create an abusive working environment; and (5) the employer is either directly or vicariously liable. (citation omitted)); Kidd v. Mando Am. Corp., 731 F.3d 1196, 1211 (11th Cir. 2013) (To state a prima facie case of retaliation, a plaintiff must show that: (1) he engaged in statutorily protected activity; (2) he suffered materially adverse action; and (3) there was a causal connection between the protected activity and the adverse action. (citation omitted)).

Plaintiff, however, fails to allege any facts that would implicate the ADEA, the ADA, or GINA. For example, other than checking a conclusory box, Plaintiff fails to include his age or assert that Defendants discriminated against him because of his age. (Doc. 1, pp. 2, 5, 8–9.) Likewise, Plaintiff fails to state any facts relating to discrimination under the ADA or GINA, to wit he does not discuss any disability or use of his genetic information. Accordingly, the Court should **DISMISS** all of Plaintiff's ADEA, ADA, and GINA claims for failure to state a claim upon which relief can be granted. See Anderson v. Fulton Cty. Gov't, 485 F. App'x 394 (11th Cir. 2012) (dismissal proper where plaintiff failed to describe any specific allegations against defendant). Additionally, the Court should **DISMISS** all of Plaintiff's claims against Defendants Selph and Block because individual employees are not subject to liability under Title VII. Dearth v. Collins, 441 F.3d 931, 933 (11th Cir. 2006) (holding "relief under Title VII is available against only the employer and not against individual employees whose actions would constitute a violation of the Act"). Thus, Plaintiff's Title VII claims may only proceed against Defendant Woody Folsom Automotives.

## II.     Initial Review of Exhaustion of Administrative Remedies

A plaintiff may not sue under Title VII unless he first exhausts available administrative remedies. To that end, an aggrieved employee must file a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and receive a right-to-sue letter. See Bost v. Fed. Express Corp., 372 F.3d 1233, 1238 (11th Cir. 2004); Wilkerson v. Grinnell Corp., 270 F.3d 1314, 1317 (11th Cir. 2001); see also Minix v. Jeld-Wen, Inc., 237 F. App'x 578, 588 (11th Cir. 2007) (per curiam) (noting that a proper EEOC charge is "a prerequisite to suit"). Generally, in a non-deferral state, such as Georgia, a charge of discrimination is timely filed if it is filed within 180 days after the alleged act of discrimination. 42 U.S.C. § 2000e-5(e)(1); Watson v. Blue Circle, Inc., 324 F.3d 1252, 1258 (11th Cir. 2003). If a plaintiff has not received a right to sue letter at the time that suit is filed, the action is subject to dismissal without prejudice. Burns v. Zadach, No. CV408-197, 2009 WL 136065, at *1 (S.D. Ga. Jan. 20, 2009). Further, a plaintiff proceeding under Title VII must file a civil action in the appropriate district court within 90 days of receiving a right-to-sue letter from the EEOC. Santini v. Cleveland Clinic Fla., 232 F.3d 823, 825 (11th Cir. 2000) (citation omitted).

In this case, although it is unclear when Plaintiff filed a charge of discrimination with the EEOC, he shows that he received the EEOC's dismissal and notice of rights to sue on February 23, 2018. (Doc. 1, p. 11.) Plaintiff filed this action on May 2, 2018, within ninety (90) days of the date that Plaintiff received the EEOC's notice. Thus, at least on the face of Plaintiff's Complaint, it appears that he has exhausted his administrative remedies.[2]

---

[2] This initial determination does not preclude Defendant Woody Folsom Automotives from arguing, after service, that Plaintiff has not exhausted his administrative remedies.

### III. Motion to Proceed *in Forma Pauperis*

Plaintiff seeks to proceed *in forma pauperis*. (Doc. 2.) In a Title VII action, the Court "may authorize the commencement of the action without the payment of fees, costs, or security." 42 U.S.C. § 2000e-5(e)(1). Additionally, pursuant to 28 U.S.C.A. § 1915(a), the Court may authorize the commencement of any lawsuit without prepayment of fees. Of course, when assessing whether to grant *in forma pauperis* status, the Court considers the filing fee, which, in this civil action is $400. See 28 U.S.C. § 1914.

In his Motion for Leave to Proceed *in Forma Pauperis*, Plaintiff provides sufficient evidence that he cannot afford to pay the filing fee in this action. (Doc. 2.) Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed *in Forma Pauperis*. The Court **DIRECTS** the United States Marshal to Serve Defendant Woody Folsom Automotives with a copy of Plaintiff's Compliant and this Order.

As Plaintiff is hereby authorized to proceed *in forma pauperis*, service must be effected by the United States Marshal. Fed. R. Civ. P. 4(c)(2). In most cases, the Marshal will first mail a copy of the complaint to each defendant by first-class mail and request that each defendant waive formal service of the summons. Fed. R. Civ. P. 4(d). Individual and corporate defendants have a duty to avoid unnecessary costs of serving the summons, and any such defendant who fails to comply with the request for waiver must bear the costs of personal service unless good cause can be shown for the failure to return the waiver. Fed. R. Civ. P. 4(d)(2). Generally, a defendant who timely returns the waiver is not required to answer the complaint until sixty (60) days after the date that the Marshal sent the request for waiver. Fed. R. Civ. P. 4(d)(3).

**CONCLUSION**

For the above stated reasons, the Court **GRANTS** Plaintiff's Motion to Proceed *in Forma Pauperis* and **ORDERS** service of Plaintiff's Complaint. The Court **DIRECTS** the United States Marshal to serve Defendant Woody Folsom Automotives with a copy of Plaintiff's Complaint and this Order. However, I **RECOMMEND** that the Court **DISMISS** Plaintiff's claims against Defendants Selph and Block as well as Plaintiff's putative ADEA, GINA, and ADA claims for failure to state a claim.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. However, Plaintiff may amend the Complaint to cure any deficiencies noted in this Report and Recommendation. See Fed. R. Civ. P. 15. Should Plaintiff seek to amend the Complaint, Plaintiff must file the amended complaint within **fourteen (14) days** from the date of this Report and Recommendation.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United

States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.  The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Plaintiff.

**SO ORDERED**, this 9th day of July, 2018.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA