# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

ANTHONY G. WORTHY,

    Plaintiff,

v.

WOODY FOLSOM AUTOMOTIVES,

    Defendant.

CV 2:18-051

## ORDER

Before the Court is Defendant Woody Folsom Automotive, Inc.'s Motion to Dismiss, dkt. no. 21. The Motion is ripe for review. For the reasons that follow, the Motion is **GRANTED**.

## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a plaintiff's complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). When ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), a district court must accept as true the facts set forth in the complaint and draw all reasonable inferences in the plaintiff's favor. Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Although a complaint need not contain detailed factual allegations, it must contain "enough facts to state a claim to

relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The Court accepts the allegations in the complaint as true and draws all reasonable inferences in favor of the plaintiff. Ray v. Spirit Airlines, Inc., 836 F.3d 1340, 1347 (11th Cir. 2016). However, the Court does not accept as true threadbare recitations of the elements of the claim and disregards legal conclusions unsupported by factual allegations. Iqbal, 556 U.S. at 678-79. At a minimum, a complaint should "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Fin. Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1282-83 (11th Cir. 2007) (per curiam) (quoting Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001)).

## DISCUSSION

On May 2, 2018, Plaintiff filed this action, *pro se*, pursuant to the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and a number of other federal statutes, alleging, among other things, employment discrimination and retaliation against

him by Defendant Woody Folsom Automotives[1] and two individual Defendants. Dkt. No. 1. The Court subsequently dismissed all of Plaintiff's claims except for Plaintiff's Title VII claims against Woody Folsom Automotives. Dkt. No. 7. On February 5, 2019, the Court denied Defendant's first motion to dismiss. Dkt. No. 18. In that Order, the Court recognized that Defendant had shown that Plaintiff had sued the wrong entity because Defendant had never employed Plaintiff. Indeed, Defendant provided records showing that a different entity, Woody Folsom Auto Group, Inc., had employed Plaintiff. Nevertheless, the Court denied Defendant's motion to dismiss and granted Plaintiff leave to amend his Complaint with instructions to name the correct entity, Woody Folsom Auto Group, Inc., as a defendant. In addition, the Court noted that if Plaintiff did not cure the identified deficiency, then Defendant could reurge its motion to dismiss, which it did.

On March 6, 2019, Plaintiff filed a letter with the Court stating that he was attempting to retain counsel. Plaintiff, however, has not amended his Complaint nor has counsel appeared in this action on his behalf. Thus, the wrong entity is still the only remaining Defendant.

---

[1] Defendant states in the Motion to Dismiss that the correct name for it is Woody Folsom Automotive, Inc. and not "Woody Folsom Automotives" as Plaintiff set forth in the Complaint. Dkt. No. 9 at 1.

AO 72A
(Rev. 8/82)

Based on the Complaint, the Confirmation of Submission of New Hire Reports Defendant filed with the Court, and the pay stubs that Plaintiff filed with the Court, the Court finds that it is not plausible that Plaintiff was an employee of Defendant. See Peppers v. Cobb Cty., Georgia, 835 F.3d 1289, 1297 (11th Cir. 2016) ("A Title VII workplace discrimination claim can only be brought by an employee against his employer."). Accordingly, Plaintiff's only remaining claims, for violations of Title VII of the Civil Rights Act of 1964, are due to be dismissed because the Complaint does not "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Fin. Sec. Assurance, 500 F.3d at 1282-83 (citation omitted).

## CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss is **GRANTED**. This action is hereby **DISMISSED without prejudice**.

**SO ORDERED**, this 29th day of May, 2019.

HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA